IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MYRTLE ANN BALLARD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | (WO - Not for Publication) |
| | ) | |
| v. | ) | CASE NO. 2:04-cv-697-F |
| | ) | |
| KRYSTAL RESTAURANT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

_____ This cause is before the Court on Defendant Krystal's Restaurant's Motion to Strike Plaintiff's [sic] Expert Witness List (Doc. # 41). For the reasons set forth below the motions are due to be GRANTED.

This case was filed on May 25, 2004 and thereafter removed to this Court on July 19, 2004. The parties submitted a Report of Parties' Planning Meeting on August 25, 2004 (Doc. # 7). Because the Report of Parties' Planning Meeting did not conform to the required format, it does not disclose a deadline by which Plaintiffs would be prepared to make expert disclosures required by the Federal Rules of Civil Procedure. Nevertheless, on August 30, 2004, this Court entered a Uniform Scheduling Order (Doc. # 9) pursuant to Rule 16 of the Federal Rules of Civil Procedure. The Uniform Scheduling Order admonishes the parties to read the order carefully and comply with it in a timely manner. *See* Doc. # 9 at ¶ 1. Furthermore, the Uniform Schedule Order cautions the parties that extensions of deadlines set forth in it will only be granted in "extraordinary unforeseeable circumstances." *Id.*

The August 30, 2004 Uniform Scheduling Order set a July 22, 2005 deadline for the

Plaintiffs' and Defendant's expert disclosures. *See* Doc. # 9 at § 8. Specifically, Section 8 of the Uniform Scheduling Order provided as follows:

> The parties *shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence,* and *provide the reports of retained experts* or witnesses whose duties as an employee of the party regularly involved giving expert testimony, *required by Rule 26(a)(2) of the Federal Rules of Civil Procedure*, as follows:
>
> From the plaintiff(s) – **July 22, 2005.**
>
> From the defendant(s) – **August 22, 2005.**
>
> *The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.*

Doc. # 9 at § 8 (bold text indicates emphasis in original; italic text indicates emphasis added).

Additionally, the Uniform Scheduling Order makes it clear that any objections to any of the deadlines must be made within fourteen days of the date of the Order and absent such objections

> the Court will assume that the deadlines are agreeable to all parties. Unless this Order is modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

Doc. # 9 at § 15.

Neither party filed an objection to any of the deadlines set by the August 30, 2004 Uniform Scheduling Order. Moreover, at no time did any party file a motion to extend the deadline for expert disclosures and reports set forth in Section 8 of the August 30, 2004 Uniform Scheduling Order. It does not appear from the record before this Court that the

parties entered into any agreement to extend the deadlines for expert disclosures beyond the dates set by the Court.

On October 5, 2005, Plaintiffs filed a witness list providing the names and addresses of five witnesses who Plaintiff believed may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence.  (Doc. # 38).  Defendant contends that Plaintiffs' failure to comply with Uniform Scheduling Order's requirements with respect to expert disclosures should preclude Plaintiffs from relying on the testimony of the individuals Plaintiffs' disclosed on October 5, 2005.  The Court agrees.

Pursuant to Federal Rule Civil Procedure 16(b), district courts are required to enter a scheduling order setting appropriate deadlines for the case.  *See* Fed. R. Civ. P. 16(b).  A court is to enter this order as soon as practicable, but not later than ninety days from the date of defendant's appearance in the case or one hundred twenty days after service of the complaint on the defendant.  *See* Fed. R. Civ. P. 16(b).  Rule 16(b) further provides that "[a] schedule shall not be modified except upon a showing of *good cause*" and *by leave of court*. Fed. R. Civ. P. 16(b) (emphasis added).

Here, the original scheduling order entered by this Court on August 30, 2004, has *not* been modified with the issuance of a subsequent order.  Indeed, Plaintiffs never filed a motion for an extension of the expert deadline, nor did they seek leave of court to make an untimely disclosure.  Instead, counsel for the Defendant has brought this matter to the Court's attention by seeking to have the Court enforce the Uniform Scheduling Order and to preclude Plaintiffs from using testimony from witnesses identified in their October 5, 2005

witness list, because Plaintiffs failed to comply with all requirements of Section 8 of the Uniform Scheduling Order in a timely fashion.

This Court has given Plaintiffs an opportunity to oppose Defendant's motion to strike the witnesses identified in the October 5, 2005 witness list and has considered the grounds on which Plaintiffs have opposed this motion.  The Court finds that nothing in Plaintiffs' response establishes good cause for Plaintiffs' failure to comply with the deadline set by the Uniform Scheduling Order.

Accordingly, it is hereby ORDERED as follows:

1.  Defendant Krystal's Restaurant's Motion to Strike Plaintiff's [sic] Expert Witness List (Doc. # 41) is GRANTED.

2.  Plaintiffs shall not be allowed to present any evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence.  This means that Plaintiffs may not present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence from Morton Goldfarb, Donald Ashley, Michael Hammer, Howard R. Day, or Richard Doyan.  While these witnesses are precluded from offering expert testimony or opinion testimony, nothing in this Order is intended to preclude Plaintiffs from presenting *fact* testimony from these witnesses assuming that they were otherwise properly disclosed.

DONE this the 17th day of October, 2005.


_____
        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE