IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MYRTLE ANN BALLARD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:04-cv-697-F |
| ) | (WO-not intended for publication) |
| KRYSTAL RESTAURANT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiffs Myrtle Ann Ballard ("Ballard") and Charles E. Ballard, bring this action against Defendant Krystal Restaurant ("Krystal") alleging premises liability. This cause is before the Court on the Defendant's Motion for Summary Judgment (Doc. #18). The Court has reviewed the submissions of the parties and finds that, for the reasons set forth below, the motion is due to be DENIED.

### II. JURISDICTION AND VENUE

The Defendant removed this case to this Court from the Circuit Court of Montgomery County, Alabama. Subject matter jurisdiction over the Plaintiffs' claims is proper under 28 U.S.C. §§ 1332 and 1441.[1] The parties do not contest personal jurisdiction or venue, and the

---

[1] The Defendant is incorporated in Tennessee with its principal place of business in Illinois. The Plaintiffs are residents of Alabama. Although the Plaintiffs have not demanded a specific amount of damages, the Defendant has submitted numerous examples of cases involving similar injuries where the damages have exceeded $75,000 (Doc. #1).

Court finds adequate allegations in support of both.

### III. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material

2

facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## IV. FACTS

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following facts.

On March 20, 2003, Ballard stopped at Defendant's Krystal Restaurant in Montgomery. It was the Plaintiff's first visit to this particular location, and she arrived at approximately four in the afternoon. Ballard crossed the parking lot and entered the restaurant without noticing any dangers or defects.

After the Plaintiff had remained in the restaurant for approximately forty-five minutes, she exited carrying her purse and the food and drink she purchased inside. The Plaintiff testified that it had become darker while she was inside and that "the street lights were beginning to come on." Once Ballard was outside, it was necessary for her to cross the lane utilized by Krystal's drive through traffic. In order to do so safely, the Plaintiff looked both

ways for oncoming vehicles as she began to traverse the drive through lane. While crossing the drive through lane, the Plaintiff stepped in a "hole or depression" that was approximately the size of a salad plate in circumference and four inches deep. The hole was not marked or covered and caused Ballard to fall and incur several serious injuries.

Although she was momentarily stunned, the Plaintiff was able to gather herself and regain her footing. She then proceeded back into the restaurant where she was assisted by the Defendant's manager, who comforted Ballard and alerted paramedics.

## V. DISCUSSION

Under Alabama law, the elements of negligence in a premises liability case "are the same as those in any tort litigation: duty, breach of duty, cause-in-fact, proximate or legal cause, and damages." *Sessions v. Nonnenmann*, 842 So. 2d 649, 651(Ala. 2002) (citations and quotations omitted). A person who provides commercial or material benefit to the landowner while on the premises is considered an invitee.[2] *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So. 2d 158, 161 (Ala. 1997). "The duty owed to an invitee is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care." *Id*. Thus, a landowner has no duty to warn of open and obvious defects of which the injured party should have been aware. *Williams v. Bruno's Inc.*, 632 So. 2d 19, 22 (Ala. 1993). Additionally, the plaintiff must demonstrate actual or

---

[2]The three classifications of persons coming onto land are invitees, trespassers, and licensees. *Mountain Top*, 699 So. 2d at 161. The parties in this case stipulate that Ballard was an invitee of Krystal.

4

constructive notice on the part of the landowner because the basis of premises liability rests on the landowner's superior knowledge of the hazard. *Denmark v. Mercantile Stores Co., Inc.*, 844 So. 2d 1189, 1194 (Ala. 2002).

Here, because the parties have stipulated that Ballard was an invitee, the primary question for resolution is whether the "hole or depression" was an open and obvious danger as a matter of law. If so, it cannot be said that Krystal's had the superior knowledge necessary to impose liability because Ballard would have been equally conscious of the danger presented by the hole. If not, it is possible that a reasonable finder of fact would conclude that the hole was a "hidden defect" of which Ballard should have been protected or made aware. Ultimately, "summary judgment is rarely appropriate in negligence and personal injury cases," *Mountain Top*, 699 So. 2d at 161, and "the question of whether a danger is open and obvious is generally one of fact." *Howard v. Andy's Store for Men*, 757 So. 2d 1208, 1211 (Ala. Civ. App. 2000) (quotation and citation omitted). However, Alabama courts have "held that summary judgment is proper on the issue of whether a defect was open and obvious when the *undisputed* evidence shows that the plaintiff was aware of the danger, appreciated the danger, and acted more carefully because of the perceived danger." *Harding v. Pierce Hardy Real Estate*, 628 So.2d 461, 463 (Ala. 1993) (emphasis in original).

The facts of the present case are closely analogous to the situation in *Harding*. There, the Supreme Court of Alabama observed a material issue of fact where the plaintiff was

5

injured by a protruding box as he navigated the aisles of a hardware store. Although the plaintiff testified he had noticed numerous items partially obstructing the walkway, he did not see the particular box that caused his injury or appreciate the danger it posed because his attention was focused was on following the individual in front of him as he traversed the narrow path around several other boxes. Thus, *Harding* provides authority for the idea that intervening safety concerns, such as looking for oncoming vehicles, may create a "hidden danger" out of an otherwise visible threat. *See also Bogue v. R & M Grocery*, 553 So. 2d 545, 546 (Ala. 1989) (finding material issue of fact where the plaintiff "would naturally be distracted from where [she] was walking in [her] need to look for traffic entering and exiting").

Viewing the facts in a light most favorable to Ballard, the Court cannot proclaim that the hole in question was such an open and obvious hazard that the Plaintiffs' claim should not go forward. It would appear that the Plaintiff entered the Defendant's restaurant without noticing the hole or any other "hidden" danger in the parking lot. Upon her exit, she confronted the primary responsibility of protecting herself from oncoming traffic as she crossed the drive through lane and was unable to perceive the danger presented by the hole. Additionally, the Defendant had long been aware of the condition[3] and has made no showing that the Plaintiff "was aware of the danger, appreciated the danger, and acted more carefully because of the perceived danger." Under these facts, the Court sees no reason why a

---

[3] Krystal's manager stated that she had been aware of the hole, but no accidents had been reported in her six years working at that location.

reasonable jury could not find that Krystal was negligent and, thus, questions of material fact preclude the grant of summary judgment.

As a final point, the Defendant raises the objection that the Plaintiffs' claim cannot go forward because it lacks the support of expert testimony. While many Alabama plaintiffs have chosen to rely on expert testimony in their attempt to prevail on premises liability claims, *see, e.g.*, *Bogue*, 553 So. 2d 545; *Browder v. Food Giant*, 854 So. 2d 594 (Ala. Civ. App. 2002); *Howard*, 757 So. 2d 1208, Alabama courts have not stated any explicit requirement of expert testimony in such cases and have reversed summary judgment in many cases without the presence of an expert. *See, e.g.*, *Denmark*, 844 So. 2d 1189; *Harding*, 628 So. 2d 461; *Harris v. Flagstar Enters., Inc.*, 685 So. 2d 760 (Ala. Civ. App. 1996).

## VII. CONCLUSION

For the reasons stated above, it is hereby ORDERED that the Defendant's Motion for Summary Judgment (Doc. # 8) is DENIED.

DONE this 17th day of October, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE